IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 22-cv-00968-CMA-KLM

BRITTANY MCGRATH, and
CHRISTOPHER MCGRATH,

    Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

---

**ORDER GRANTING MOTION TO REMAND**

---

This matter is before the Court on the Motion to Remand filed by Plaintiffs, Brittany McGrath and Christopher McGrath ("McGraths"). (Doc. # 11.) For the reasons that follow, the Motion is granted, and this case is remanded to Boulder County District Court.

## I.    BACKGROUND

This case arises from a motor vehicle accident in Boulder County, Colorado. (Doc. # 5 at ¶¶ 4–5; Doc. # 10 at ¶ 3.) Plaintiff, Brittany McGrath, was driving northbound on Aspen Ridge Drive in Lafayette, Colorado when another driver, Emilia Guzman, exited a parking lot and collided with Ms. McGrath's vehicle. (Doc. # 5 at ¶¶ 4–5; Doc. # 10 at ¶ 3.) Ms. McGrath sustained injuries as a result of the collision. (Doc. # 5 at ¶ 6; Doc. # 10 at ¶ 4.). The McGraths submitted an insurance claim to Ms. Guzman's

insurance carrier, which paid $20,000 of its $25,000 policy limit to resolve the claim. (Doc. # 5 at ¶ 16; Doc. # 10 at ¶ 1.)

The McGraths then submitted a second insurance claim to their own insurance carrier, State Farm. At the time of the accident, the McGraths held a State Farm auto-insurance policy that included up to $250,000 in underinsured motorist ("UIM") coverage. (Doc. # 5 at ¶¶ 17–18; Doc. # 10 at ¶ 7.) Though they had settled their claim against Ms. Guzman for less than Ms. Guzman's policy limits, the McGraths alleged that they were entitled to additional UIM benefits under their State Farm policy. (Doc. # 11 at 2.) State Farm denied the claim. (*Id.*)

The McGraths are now suing State Farm, alleging breach of contract and violation of Colo. Rev. Stat. § 10-3-1104(1)(h). (Doc. # 5 at ¶¶ 30–46.) They contend that State Farm has improperly failed to evaluate their claim and failed to pay the McGraths the UIM benefits to which they are entitled under their State Farm policy. (Doc. # 5 at ¶¶ 21–26.)

The McGraths initially filed this lawsuit in the Boulder County District Court before State Farm removed it to this Court on grounds of diversity jurisdiction. (Doc. # 11 at 2–3.) The McGraths now move to remand the case back to state court. (Doc. # 11.) Under 20 U.S.C. § 1446, a defendant may not remove a case on diversity grounds unless the amount in controversy exceeds $75,000. The McGraths argue that the amount in controversy is less than $75,000, and that this Court therefore lacks jurisdiction to hear the case. (Doc. # 11 at 8.) Specifically, the McGraths argue that they have offered to settle this case for $40,000 and that the civil cover sheet they filed in state court states

2

"no party is seeking a monetary judgment against another party for more than $100,000[.]" (Doc. # 11 at 2–3.) They also "stipulate that they are not claiming more than $75,000 in this civil action exclusive of interest and costs." (Doc. # 13 at 2.) State Farm argues that removal is proper because the amount in controversy exceeds $75,000, "as evidenced by [the McGraths'] statutory bad faith claim for underinsured motorist benefits pursuant to their policy with limits of $250,000 per person." (Doc. # 12 at 2.) State Farm further argues that "[i]f a jury were to find that $40,000 was owed . . . that would result in $120,000 after statutory penalties." (Doc. # 12 at 5.)

The Court agrees with the McGraths.

## II.      LEGAL STANDARD

"[A] defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014) (quoting 28 U.S.C. § 1446(a)). When removal is based on diversity of citizenship, the notice must allege that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2)(B); *Dart Cherokee Basin*, 574 U.S. at 83–84. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff[.]" *Dart Cherokee Basin*, 574 U.S. at 87, 89. However, if "the plaintiff contests, or the court questions, the defendant's allegation," the defendant must prove the amount in controversy by a preponderance of the evidence. *Id.* at 89; 28 U.S.C. § 1446(c)(2)(B). There are several ways to meet this

3

burden, including offering admissions the plaintiff made in state court; calculating the amount in controversy based on the types of damage alleged; or "by reference to the plaintiff's informal estimates or settlement demands." *McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008) (quoting *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541–42 (7th Cir. 2006)). "Only if it is 'legally certain' that the recovery or cost of complying with judgment will be 'less than the jurisdictional floor may the case be dismissed.'" *Phelps Oil & Gas, LLC v. Noble Energy Inc.*, 5 F.4th 1122, 1126 (10th Cir. 2021) (quoting *McPhail*, 529 F.3d at 955).

### III.  DISCUSSION

Because the amount in controversy is contested, the Court considers the proof submitted by each party to determine whether the amount reaches the statutory threshold to permit this Court to exercise diversity jurisdiction. *Dart Cherokee Basin*, 574 U.S. at 88 ("[w]hen a defendant's assertion of the amount in controversy is challenged . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." (citing 28 U.S.C. § 1446(c)(2)(B))).

State Farm argues that the amount in controversy must be over $75,000 because: (1) the McGraths' UIM benefit from State Farm has a limit of $250,000 (Doc. # 12 at 5); (2) the McGraths' seek to recover "reasonable attorney's fees and court costs and two times the covered benefit for any payment unreasonably delayed and/or denied" (*id.*); and (3) the McGraths seek economic damages of at least $51,415.54, plus statutory penalties (*id.*).

4

For their part, the McGraths offer three jurisdictional facts as proof that the amount in controversy is less than the $75,000 jurisdictional minimum: (1) they previously sought $40,000 as a settlement from State Farm; (2) the civil cover sheet filed in state court states that they are not seeking more than $100,000; and (3) they "stipulate that they are not claiming more than $75,000 in this civil action exclusive of interest and costs." (Doc. # 11 at 7; Doc. # 13 at 2.)

The Court finds the McGrath's evidence to be convincing. A civil cover sheet can be evidence of the amount in controversy. *See, e.g. Paros Props., LLC v. Colo. Casualty Ins. Co.*, 835 F.3d 1264, 1272 (10th Cir. 2016) (holding that a Colorado civil cover sheet constitutes adequate notice of the amount in controversy). A plaintiff's proposed settlement can also evidence the amount in controversy. *See, e.g. McPhail*, 529 F.3d at 956 ("a plaintiff's proposed settlement amount is relevant evidence of the amount in controversy and it is permissible for a district court to consider settlement offers when deciding the jurisdictional question." (internal quotation marks omitted)). In this case, the McGraths represent that they have offered to settle for $40,000, and they have provided a civil case cover sheet showing that they are not seeking more than $100,000. While the Court is not convinced by the civil cover sheet in this case, the Court does find the settlement offer persuasive. Further, the Court finds it particularly persuasive that the McGraths have clarified that they stipulate to not seek over $75,000 in this action. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938) ("[i]f [the plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly

entitled to more, the defendant cannot remove."). This stipulation creates a legal certainty that the amount in controversy in this case will not exceed $75,000 and as such, that federal subject-matter jurisdiction does not exist. *Phelps*, 5 F.4th at 1128 (holding that where a plaintiff is not seeking more than $75,000, it is legally certain that jurisdictional facts do not establish a sufficient amount in controversy to qualify for federal subject-matter jurisdiction). This jurisdictional fact, taken with the other proof provided by the parties, establishes by a preponderance of the evidence that the amount in controversy does not exceed $75,000. *See Aptive Env't, LLC v. Town of Castle Rock*, 959 F.3d 961, 973 n.5 (10th Cir. 2020) ("The Supreme Court has long held that while 'consent of the parties cannot give the courts of the United States jurisdiction, . . . the parties may admit the existence of facts which show jurisdiction, and the courts may act judicially upon such an admission.'" (quoting *Ry. Co. v. Ramsey*, 89 U.S. 322, 327 (1874))).

As discussed above, the McGraths have provided ample evidence to show, by a preponderance of the evidence, that the amount in controversy is less than the jurisdictional minimum. *Dart Cherokee Basin*, 574 U.S. at 89 (finding removal only proper on the defendant's asserted amount in controversy when amount is proven by a preponderance of the evidence (citing 28 U.S.C. § 1446(c)(2)(B))). Therefore, this Court lacks subject-matter jurisdiction over this case. 28 U.S.C. § 1446.

## IV. CONCLUSION

For the foregoing reasons, the McGraths' Motion (Doc. # 11) is GRANTED. This matter is REMANDED to Boulder County District Court.

DATED: August 11, 2022

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
Senior United States District Judge